IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**DEMOND O'NEIL PARKER,**

    Petitioner,

v.                 **Civil Action No.:5:18cv169**
                    **(Judge Stamp)**

**JENNIFER SAAD, Warden**

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 9, 2018, Demond Parker, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). Petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his conviction from the Western District of Texas. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

### II. BACKGROUND[1]

On April 10, 2000, Petitioner pleaded guilty to conspiring to distribute cocaine

---

[1] Because Petitioner was sentenced in 2000, none of the relevant documents from his criminal case are available on PACER. Therefore, the undersigned has relied on an Order entered by the Western District of Virginia on January 7, 2016, ruling on his eligibility for a sentence reduction under United States Sentencing Guidelines Amendment 782. See Criminal Case No. 6:99-cr-70054-9 ECF No. 619 (available on PACER. See United States v. Earnest, 6:09-cr-349-VEH-TMP (ALND). Philips v. Pitt Cnty. Mem. Hosp., 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

and cocaine base in violation of 21 U.S.C. § 846. The Court determined that Petitioner had an Original Total Offense Level of 39 and a Criminal History Category of V. Based on these determinations, the Court calculated Petitioner's Original Guideline Range as 360 months to life imprisonment. At sentencing, the Court heard evidence that on November 26, 1995, Petitioner abducted and tortured Dallas Lovelace Jr. to recoup drugs and monies. Because the Court considered Petitioner's conduct to be unusually cruel, brutal and degrading, the Court ultimately sentenced Petitioner to a term of imprisonment of 420 months on July 7, 2000. Because Petitioner also pleaded guilty to possessing a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c), the Court imposed an additional term of imprisonment of 60 months, to be imposed consecutively in accordance with U.S.S.G. § 5G1.2(a).

In 2008, the Court found that Petitioner was eligible for a reduction of sentence under United States Sentencing Guidelines Amendments 706, 711 and 715. The Court determined that Petitioner's New Total Offense Level was 37 and concluded that his New Guideline Range was 324 to 405 Months imprisonment. On October 30, 2008, the Court sentenced Petitioner to a reduced term of imprisonment of 324 months, plus 60 months for his 924(c) conviction.

In 2014, Amendment 782, was enacted which retroactively applies to criminal cases involving defendants who were sentenced before November 1, 2014 for certain drug crimes. Petitioner filed a motion seeking relief under this Amendment, and the Court found that Petitioner was eligible for a sentence reduction. However, after considering the factors set forth in 18 U.S.C. § 3553(a), the Court concluded that a reduction in Petitioner's sentence was not warranted. More specifically, the Court found

that a further reduction in sentence would not adequately reflect the nature and circumstances of the original offense or the history and characteristics of Petitioner. Accordingly, Petitioner's motion to reduce sentence pursuant to Amendment 782 was denied.  According to the BOP Inmate Locator, Petitioner's current projected release date is July 18, 2034.

    A search of PACER reveals that Petitioner has filed three Motions to Vacate pursuant to 28 U.S.C. § 2255. The first was filed on July 9, 2001 and the Government's Motion to Dismiss was granted on March 31, 2003. A subsequent Appeal was denied and dismissed on December 23, 2003.  On  August 31, 2005, Petitioner filed a "motion to alter and/or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure" asserting that the sentence imposed upon him was violation of constitutional principles newly set forth in United States v. Booker, 543 U.S. 220 (2005).and related cases. On September 9, 2005, the Court construed the pleading as a motion under § 2255 and summarily dismissed the same as a subsequent or successive motion filed without specific certification from the United States Court of Appeals for the Fourth Circuit.  Petitioner filed his third § 2255 motion on February 26, 2007, and the Court summarily dismissed the same on February 28, 2007, as a successive petition filed without having obtained certification from the Court of Appeals. Finally, on May 31, 2016, Petitioner filed a motion pursuant to 28 U.S.C. §§ 2244, 2255(h) for authorization to file a second or successive § 2255 motion seeking to raise a claim challenging his conviction considering Johnson v. United States, 135 S.Ct. 2551 (2015). Because Petitioner's underlying offense was a drug trafficking crime and not a crime of violence, the Fourth Circuit count that Johnson was not applicable and denied his motion for

3

authorization.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants

As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the Respondent.

## IV. CLAIMS OF THE PETITION

Petitioner raises one ground for relief in which he alleges that his 924 conviction stems from a duplicitous indictment in violation of his rights under the Fifth Amendment. In support of the claim, Petitioner alleges that count Sixteen of his indictment sets forth use and carry of a firearm in furtherance of Possession with Intent to Distribute and Distribution. He argues that this provided two different crimes the grand jury could choose from leaving a question as to "what offense [he] was indicted on and leaving no way to ever know." ECF No. 1 at 5. For relief, he asks this Court to vacate his conviction and sentence on Count Sixteen, then dismiss the indictment with prejudice. He also asks that his conviction be vacated on Count One, and this matter be remanded for a retrial. By way of explanation, Petitioner argues that the 924(c) charge altered the minimum mandatory sentence from 10 to 15 years, and upon dismissal of that charge, he should be afforded the opportunity to determine whether he would plead guilty or go to trial with his correct mandatory minimum sentence. ECF No. 1-2 at 4.

## V. ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2000); In re Vial. 115 F.3d 1192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws

5

of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. Id. § 2255(h). Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." Id.

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. In re Vial, 115 F.3d at 1194, n.5; In re Jones, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

6

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, a petitioner asserting "actual innocence" may establish "that §2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and** (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones at 333-34 (emphasis added).

Although Petitioner has raised the savings clause, he is not entitled to its application. Even if Petitioner satisfied the first and third elements of Jones, the crimes for which he was convicted remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.[2]

Consequently, because Petitioner attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. Rice, 617 F.3d at 807.

## VI.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF**

---

[2] The claims raised by the Petitioner do not remotely satisfy the savings clause. They are clearly allegations that could or should have been raised on appeal or in his first § 2255 motion.

7

**JURISDICTION**.

The Petitioner shall have **fourteen days** from the date of filing of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 25, 2019

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE